562 S.E.2d 658

**In the Matter of Michael G. WYMAN, Respondent.**

No. 25449.

Supreme Court of South Carolina.

Submitted March 22, 2002.

Decided April 22, 2002.

Henry B. Richardson, Jr., and Susan M. Johnston, both of Columbia, for the Office of Disciplinary Counsel.

---

6. In light of our disposition of this issue, it is unnecessary for us to address County's remaining arguments.

Michael G. Wyman, of Hilton Head, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment.[1] We accept the agreement and disbar respondent. The facts as admitted in the agreement are as follows.

## *Facts*

Respondent represented a client in a real estate transaction. Respondent accepted $699,210.59, which he was to hold in escrow for the transaction. Instead, respondent deposited a majority of the funds into a personal account and disbursed a portion of the funds to a third party.

Thereafter, respondent, on behalf of his client and relative to the real estate transaction, presented Carolina First Bank with a check for $679,888.49 drawn on an account he maintained with Regions Bank. When Carolina First Bank attempted to negotiate the check, it was returned by Regions Bank due to the fact that the funds in respondent's account were not sufficient to cover the amount of the check. Respondent has not paid Carolina First Bank nor has he returned the funds to his client. Respondent admits he misappropriated the funds given to him to hold in escrow.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property, funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, and complete records of such account funds shall be kept by the lawyer); Rule 8.4 (it is professional misconduct for a lawyer to: violate the Rules of Professional

---

1. Respondent was placed on interim suspension by order dated February 14, 2002.

Conduct; commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; engage in conduct involving moral turpitude; engage in conduct involving dishonesty, fraud, deceit or misrepresentation; engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

Finally, respondent failed to comply with the requirements for financial recordkeeping found in Rule 417, SCACR.

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent. Respondent shall not be entitled to seek reinstatement or readmission to the practice of law in this state until he has fully repaid the client referenced in this matter, as well as any other parties that may have lost money because of respondent's actions in this matter, and until he has reimbursed the Lawyer's Fund for Client Protection for any and all amounts paid, including reasonable interest, in connection with this matter. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.